Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Bre'Ahn Brooks, Esq.
Nevada Bar No.: 15672
H&P LAW
710 S 9th Street
Las Vegas, NV 89101
702 598 4529 TEL
702 598 3626 FAX
mhauf@courtroomproven.com
mpfau@courtroomproven.com
bbrooks@courtroomproven.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| **K.J., a minor by and through his Natural Parent and Guardian Aimee Perry; J.R., a minor by and through his Natural Parent and Guardian Danielle Smith,**<br><br>Plaintiff,<br><br>vs.<br><br>**Clark County School District, a Political Subdivision of the State of Nevada, Hearley Smith V, individually and in his official capacity, Adam Canfield, in his official capacity, David Kennedy, individually and in his official capacity, LJ Lord Oroke, individually and in his official capacity, Allen Frischmann, individually and in his official capacity, Doe Coach Alex, individually and in his official capacity, Employee Doe, DOES I through XX, inclusive,**<br><br>Defendants. | Case No.: 2:25-cv-01561-MMD-DJA<br><br><br><br><br>**Stipulation and Order to Amend Complaint** |

COME NOW the parties hereto, by and through their respective counsel of record,

and hereby stipulate that Plaintiff be permitted to amend the complaint to add Taheesha Johnson, as a Defendant. The proposed Second Amended Complaint is attached hereto as Exhibit 1.

Dated this 22nd day of April, 2026.          Dated this 22nd day of April, 2026.

GREENBERG TRAURIG, LLP                       H&P LAW

/s/ Alix Goldstein                           /s/ Marjorie Hauf
Mark E. Ferrario, Esq.                       Marjorie Hauf, Esq.
Nevada Bar No.                               Nevada Bar No. 8111
Kara B. Hendricks, Esq.                      Bre'Ahn Brooks, Esq.
Nevada Bar No.                               Nevada Bar No. 15672
Alix R. Goldstein, Esq.                      710 S. 9th Street
Nevada Bar No.                               Las Vegas, NV 89101
10845 Griffith Peak Drive, Suite 600         Attorneys for Plaintiff
Las Vegas, Nevada 89135
Counsel for Defendants Clark
County School District, Adam
Canfield, David Kennedy, LJ Lord
Oroke, and Allen Frischmann

**ORDER**

IT IS SO ORDERED.

Dated and Done this 23rd day of April, 2026.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:
H&P Law

/s/ Marjorie Hauf
Marjorie Hauf, Esq.
Nevada Bar No. 8111
Bre'Ahn Brooks, Esq.
Nevada Bar No. 15672
710 S. 9th Street
Las Vegas, NV 89101
Attorneys for Plaintiff

**2** of **2**

# EXHIBIT 1

Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Bre'Ahn Brooks, Esq.
Nevada Bar No.: 15672
H&P LAW
710 S. 9th Street
Las Vegas, NV 89101
702 598 4529 TEL
702 598 3626 FAX
mhauf@courtroomproven.com
mpfau@courtroomproven.com
bbrooks@courtroomproven.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| **K.J., a minor by and through his Natural Parent and Guardian Aimee Perry; J.R., a minor by and through his Natural Parent and Guardian Danielle Smith,** | Case No.: 2:25-cv-01561-MMD-DJA |
| Plaintiff, | **Second Amended Complaint and** |
| vs. | **Jury Demand** |
| **Clark County School District, a Political Subdivision of the State of Nevada, Hearley Smith V, individually and in his official capacity, Adam Canfield, in his official capacity, David Kennedy, individually and in his official capacity, LJ Lord Oroke, individually and in his official capacity, Allen Frischmann, individually and in his official capacity, Doe Coach Alex, individually and in his official capacity, Taheesha Johnson, individually and in her official capacity, Employee Doe, DOES I through XX, inclusive,** | |
| Defendant. | |

COMES NOW Plaintiff, K.J., a minor by and through his Natural Parent and Guardian Aimee Perry and J.R., a minor by and through his Natural Parent and Guardian Danielle Smith, by and through their undersigned counsel at the law firm of H&P Law, and hereby complains and alleges as follows:

**JURISDICTION**

1.  This Court has Jurisdiction over the Plaintiffs' claims pursuant NRS 41.031 and *Andolino v. State*, 97 Nev. 53, 624 P.2d 7 (1981) (acknowledging that the State of Nevada waived its sovereign immunity through the enactment of NRS 41.031).

2.  Venue is proper in this Court as the Defendants are residents and/or operating in Clark County, Nevada, and all of the events in questioned occurred therein.

3.  At all times relevant herein, Plaintiff Aimee Perry, was, and continues to be, a resident of the County of Clark, State of Nevada.

4.  At all times relevant herein, Plaintiff, K.J., a minor, was, and continues to be, a resident of the County of Clark, State of Nevada.

5.  At all times relevant herein, Plaintiff Danielle Smith, was, and continues to be, a resident of the County of Clark, State of Nevada.

6.  At all times relevant herein, Plaintiff, J.R., a minor, was, and continues to be, a resident of the County of Clark, State of Nevada.

7.  Defendant Hearley Smith V was, at all relevant times, a resident of the County of Clark, State of Nevada, and was an administrator and employee of Clark County School District, working as assistant principal at Canyon Springs High School and the Leadership and Law Preparatory Academy (hereinafter "Canyon Springs"), until he was arrested for sexual assault, kidnapping, child abuse, neglect and endangerment and sexual conduct between an employee and pupil.

8.  Upon information and belief, Defendant, Adam Canfield, is and was at all times pertinent hereto, a resident of the County of Clark, State of Nevada, and Principal of Canyon Springs.

SECOND AMENDED COMPLAINT AND JURY DEMAND

9. Upon information and belief, Defendant, David Kennedy, is and was at all times pertinent hereto, a resident of the County of Clark, State of Nevada, and an employee and wrestling coach at Canyon Springs.

10. Upon information and belief, Defendant, Doe Coach Allen, is and was at all times pertinent hereto, a resident of the County of Clark, State of Nevada, and an employee and wrestling coach at Canyon Springs.

11. Upon information and belief, Defendant, Allen Frischmann, is and was at all times pertinent hereto, a resident of the County of Clark, State of Nevada, and an employee and wrestling coach at Canyon Springs.

12. Upon information and belief, Defendant, LJ Lord Oroke, is and was at all times pertinent hereto, a resident of the County of Clark, State of Nevada, and an employee and wrestling coach at Canyon Springs.

13. Upon information and belief, Defendant, Taheesha Johnson, is and was at all times pertinent hereto, a resident of the County of Clark, State of Nevada, and an employee and Assistant Principal at Canyon Springs.

14. Upon information and belief, Defendant, Employee Doe, is and was at all times pertinent hereto, a resident of the County of Clark, State of Nevada, and an employee and wrestling coach at Canyon Springs.

15. Defendant, Clark County School District (hereinafter "CCSD"), is a division of the County of Clark, is a Political Subdivision of the State of Nevada and is not immune from suit under NRS 41.031.

16. That Defendant, CCSD is a government entity, which owns or operates Canyon Springs High School.

17. At all times relevant herein, Defendant, CCSD, did and continues to be a recipient of federal funds.

18. At all times pertinent to these proceedings, the individual Defendants were acting within the course and scope of their employment in their professional capacity for CCSD; Defendant Smith was acting in his individual and professional capacity.

SECOND AMENDED COMPLAINT AND JURY DEMAND

19. Doe Defendants I-XX are or were officials, supervisors, administrators and/or in a supervisory or management position at CCSD who had authority to address the discrimination, harassment, abuse, assault and/or molestation alleged herein and, moreover, had authority to institute corrective measures on CCSD's behalf.  At all relevant times, Does I-XX were residents of Clark County, State of Nevada, and acting under the color of law and employees of CCSD.

20. Doe Defendants I-XX are or were District personnel subject to training by officials, supervisors, administrators and/or in a supervisory or management position at CCSD.  Does I-XX also had authority to address the discrimination, harassment, abuse and/or molestation alleged herein and, moreover, had authority to institute corrective measures on CCSD's behalf.  At all relevant times, Does I-XX were residents of Clark County, State of Nevada, and acting under the color of law and employees of CCSD.

21. The true names and capacities of Defendants named herein as Doe Defendants I-XX, inclusive whether individual, corporate, associate or otherwise, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names; and when the true names and capacities of Doe Defendants I-XX are discovered, Plaintiff will ask leave to amend this Complaint to substitute the true names of said Defendants.  Plaintiff is informed, believes and therefore alleges that Defendants so designated herein are responsible in some manner for the events and occurrences contained in this action.

### GENERAL ALLEGATIONS

22. Plaintiff repeats and realleges each and every allegation set forth above as through each were set forth herein.

23. Upon information and belief, Defendant Smith was 54-years old at the time of the subject incidents.

24. Defendant Smith was hired by the CCSD and had been employed there for

**4** of **48**

over 20 years.

25. Defendant Smith is a cognitive and behavioral psychologist who owns "Mental Therapy" a practice that specializes in identifying and diagnosing cognitive and behavioral issues then creating and implementing interventions designed to promote positive change.

## PRIOR HISTORY

26. NRS 388.132 declares that "[p]upils are the most vital resource of the future of this State" and that "a learning environment that is safe and respectful is essential for the pupils enrolled in the schools of this State." NRS 388.132(1)-(2). Accordingly, NRS 388.132(1)-(2) further mandates that Nevada schools "must be maintained as a safe and respectful learning environment" and requires "that pupils be free from physical, emotional or mental abuse while at school."

27. During the 77TH (2013) Legislative Session, former Governor Brian Sandoval signed Senate Bill 258 (NRS 432B.700-730), which created the Task Force on the Prevention of Sexual Abuse of Children (the "Task Force").

28. The Task Force was charged with studying and identifying strategies, goals, and recommendations for preventing child sexual abuse and prepared a report in 2014 with its findings and recommendations, which, upon information and belief, was disseminated to all school districts, public schools, and education associations in the State of Nevada, including Defendants, for review, discussion, discussion, training, and development of policies, procedures, and programs to protect Nevada children.

29. The Task Force's 2014 Report noted that child sexual abuse is underreported, but even the reports that are made show that 93% of the time children are abused it is done by a person in a position of trust or authority who is supposed to protect them. It also noted that those who abuse children groom their victims and manipulate them into silence.

SECOND AMENDED COMPLAINT AND JURY DEMAND

30. The Task Force found that child sexual abuse exploits and degrades children and can cause lifelong damage to the cognitive, social, and emotional development of a child, depriving a child of their full potential. Additional threats to a survivor's health and well-being noted by the Task Force include high risk of school failure, self-mutilation, persistent post-traumatic stress disorder, drug and alcohol abuse, a significantly increased risk for abuse in subsequent relationships, difficulty in forming meaningful and trusting relationships, cognitive deficits, depression, dissociative symptoms, and suicide.

31. Despite this, CCSD has a long history of educator sexual misconduct that constitutes a pattern of failure to protect students from a known hazard: sexual harassment and sexual assault.

32. Despite its clear knowledge of the problem, CCSD has failed to meet its obligations under Nevada and United States statutes for over a decade.

33. Defendant CCSD has been plagued with a history of teacher arrests for sexual misconduct because policies and procedures are insufficient to protect children from sexual harassment and retaliation, allowing CCSD a pattern and practice of abuse.

34. CCSD had full notice of at least the following allegations of sexual misconduct by employees of CCSD, which evidence that their failures are endemic and they acted negligently, wantonly, willfully, recklessly, and/or with deliberate indifference to students', including Plaintiff, health, safety, and constitutional rights by continuing to fail to devise, promulgate, and implement policies, procedures, training programs, and controls to protect students, including Plaintiff, from abuse:

    a. Approximately 2008 – Simmons Elementary teacher Jeremiah Mazo was arrested on suspicion of sexually molesting students.

    b. Approximately 2012 – Dailey Elementary School teacher John Stalmach was arrested for reportedly having sex with a 16-year-old student and was allowed to resign to avoid having the incident documented in his personnel file.

**6** of **48**

SECOND AMENDED COMPLAINT AND JURY DEMAND

c. Approximately 2012 – Brown Junior High School teacher Bambi Dewey was arrested for reportedly having sex with a 16-year-old student.

d. Approximately 2013 – Foothill High School teacher Amanda Brennan was charged with luring children or mentally ill persons with the intent to engage in sexual conduct after exchanging 1,000 text messages with a 15-year-old special education student over nine days.

e. Approximately 2014 – Hyde Park Middle School teacher Tanikka Queen was charged with sexual misconduct for reportedly having sex with a student and exchanging more than 2,400 text messages with him.

f. Approximately 2015 – Sedway Middle School teacher Charles Young was arrested for lewdness for reportedly luring a student to his apartment for sex and sending nude photos through electronic communications.

g. Approximately 2015 – Rancho High School teacher Jason Lofthouse was arresting on kidnapping and sex abuse charges for reportedly engaging in sex acts with a student.

h. Approximately 2016 – Valley High School teacher Jillian LaFave was arrested on allegations she kissed a special education student and exchanged over 13,000 texts with the student over a three-month period.

i. Approximately 2016 – Harney Middle School teacher Robyn-Lea Gentile was arrested on allegations of kissing a student with whom she reportedly exchanged over 800 text messages.

j. Approximately 2016 – Legacy High School teacher Frank Bayer was arrested on allegations of having sex with a student in his

SECOND AMENDED COMPLAINT AND JURY DEMAND

classroom and vehicle and reportedly exchanged hundreds of private electronic messages and engaged in cybersex with the student.

k. Approximately 2017 – United States Department of Education found that CCSD violated Title IX by, among other things, failing to respond promptly and equitably to complaints, reports, and incidents of sex-based harassment.

l. Approximately 2017 – CCSD kindergarten teacher Melvyn Sprowson was found guilty of kidnapping and child pornography after holding a 16-year-old student for two months in his apartment as a sex slave.

m. Approximately 2017 – Brown Middle School Teacher Jeffrey Schults was arrested for lewdness with multiple students.

n. Approximately 2017 – Tarkanian Middle School custodian was arrested and charged with three counts of unlawful contact with minors under 14 years of age after reports of hugging or kissing three sixth-grade girls and making inappropriate comments to them.

o. Approximately 2019 – Sierra Vista High School teacher Jonathan Cronin was arrested on four counts of sexual misconduct, four counts of open and gross lewdness, and on count of exhibiting obscene material to a minor.

p. Approximately 2022 – CCSD approved a $9,000,000 settlement in a civil case stemming from allegations of sexual assault against district bus driver Michael Banco.

q. Approximately 2023 – CCSD approved another $9,000,000 settlement in another civil case involving allegations of sexual assault against Michael Banco.

SECOND AMENDED COMPLAINT AND JURY DEMAND

r. Approximately 2023 – CCSD teacher Kaitlin Glover was arrested for lewdness with a child 14 or 15 years of age and engaging in sexual conduct with a pupil 16 or older.

s. Approximately 2024- CCSD teacher Daryl Lancaster was arrested for attempted lewdness with a child and possession of visual pornography of a child.

35. The following are additional <u>reported</u> instances of sexual misconduct by a male employee of the CCSD, resulted in arrest and criminal charges:

a. A male science teacher at Desert Pines High School, was arrested for carrying on a sexual relationship sit a student between the ages of 16 and 17-years-old and charged with 16 counts of a teacher having sex with a student.

b. A male volunteer volleyball coach at Silverado High School was arrested for having sexual contact with a student in his parents' home and charged with first-degree kidnapping and engaging in a sex act with a student.

c. Another male flag football coach was accused of making inappropriate contact with his female flag football players and groping one specific female player while giving her a ride in his car, and was charged with kidnapping, adult school employee sex act with a pupil 14-15-years old, commit open or gross lewdness with a child under 18.

d. A male Campus Monitor at Del Sol High School was arrested for carrying on a long-term relationship with one of the female students, and charged with sexual assault, four counts sex acts adult school employee with pupil, three counts kidnapping a minor.

SECOND AMENDED COMPLAINT AND JURY DEMAND

e. A male substitute teacher at Legacy High School was arrested for having sexual conduct with one of his students and charged with two counts of misconduct with an 18-year-old student.

f. A male Athletic Director at Arbor View High School was arrested on child pornography charges after attempted to solicit semi-nude photos from male students, which he would then make female students pay money to view; and, was charged with kidnapping, adult school employee sex act with a pupil, use of minor in producing pornography, use a minor in sexual portrayal.

g. A male substitute teacher at Sandy Searles Miller Academy was arrested after being accused of inappropriate contact with elementary school students, after playing what students called the "there's something on your shirt" game and was charged with one count lewdness with a child under 14, two counts of sex act by a school employee with 16-17-year-old.

h. A male teacher at Thurman White Middle School was arrested after several students complained about inappropriate contact and was charged with three counts of unlawful contact with a minor.

i. A male volunteer coach at Cimarron-Memorial High School was arrested and charged with two counts of kidnapping and two counts of sexual misconduct.

j. A male custodian at Tarkanian Middle School was arrested and charged with three counts of unlawful contact with a minor/mentally ill person in relation to behavior towards three 6th grade girls.

k. A male substitute teacher at South Academic Center was arrested and charged with attempted sexual misconduct with a student.

36. As documented by Channel 13, at the end of 2024, at least 8 CCSD employees

SECOND AMENDED COMPLAINT AND JURY DEMAND

had been arrested on sexual misconduct charges.[1]

37. Upon information and belief, the foregoing instances of misconduct by Defendants' employees and members are only a small sampling of the allegations of misconduct alleged against them.

38. The CCSD numbers are higher than the number of such arrests in a school year in some of the nation's largest districts.

39. There is a history of inappropriate interactions of a sexual nature between employees and students in the CCSD such that there must be safety policies in place to protect these students.

40. It is the responsibility of CCSD to develop policies and procedures to protect students from inappropriate sexual misconduct, harassment and assault by employees.

41. It is the responsibility of CCSD to train its employees on policies and procedures that protect students from inappropriate sexual misconduct, harassment and assault by employees.

42. It is the responsibility of CCSD to supervise its employees to ensure that they are following and enforcing policies and procedures that protect students from inappropriate sexual misconduct, harassment and assault by employees.

43. It is the responsibility of CCSD to intervene and respond to allegations of a violation of policies and procedures intended to protect students from inappropriate sexual misconduct, harassment and assault by employees.

44. During the 2024-2025 school year at Canyon Springs, specifically between August 1, 2024, through March 3, 2025, Defendant Smith engaged in a course of conduct with, J.G., a minor, that would and did cause him to feel terrorized, frightened, intimidated or harassed.

45. During the 2024-2025 school year, Defendant Smith was one of the assistant

---

[1] https://www.ktnv.com/news/8-staff-members-were-arrested-in-ccsd-this-school-year-what-is-being-done

principals at Canyon Springs.

46. In addition to being the assistant principal, Defendant Smith was also assisting the school's wrestling team.

47. J.G. was a member of the wrestling team at Canyon Springs, beginning in his freshman year.

48. J.G. was first introduced to Defendant Smith during his freshman year at Canyon Springs, as one of his wrestling coaches.

49. At the time of their initial meeting, J.G. was unaware that Defendant Smith was also a part of the administration, and only knew Defendant Smith as one of the wrestling coaches.

50. At the end of the school year, in 2024, Defendant Smith began to pull J.G. from class, and call him into his office denying J.G. educational opportunities and benefits and subjecting him to abuse under an educational program or activity that received federal financial assistance.

51. Defendant Smith would take J.G. into his office, alone, and close and lock the door.

52. As the school year ended, Defendant Smith began to increasingly pull J.G. from class, and call him into his office denying J.G. educational opportunities and benefits and subjecting him to abuse under an educational program or activity that received federal financial assistance.

53. Initially, Defendant Smith, a licensed psychologist, began grooming J.G. in order to coerce him into lewd and sexually oriented behavior.

54. Later, Defendant Smith began to commit lewd acts upon the body of J.G., which included fondling his genitals over and under his clothing, making sexual physical contact with J.G.'s genitals and touching and groping him.

55. Eventually, Defendant Smith began to subject J.G. to unwanted and unwelcome sexual penetration, by fellatio, by causing, directing and encouraging J.G. to place J.G.'s penis into Defendant Smith's mouth against Plaintiff J.G.'s will.

SECOND AMENDED COMPLAINT AND JURY DEMAND

56. Between August of 2024 and March of 2025, Defendant Smith also began to encourage J.G. to go to various locations, by taking him to those locations and allowing him to drive to those locations, not on school property, without the verified permission of J,G.'s parents in order to commit the lewd upon the body of J.G., which included fondling his genitals over and under his clothing, making sexual physical contact with J.G.'s genitals and touching and groping him.

57. Between August of 2024 and March of 2025, Defendant Smith was frequently removing J.G. away from school premises with the intent to keep him protracted for a period of time, confining him from his parents.

58. Between August of 2024 and March of 2025, Defendant Smith would force J.G. to miss the school bus so that he could carry him away from school premises in his vehicle.

59. By 2025, Defendant Smith began coercing J.G. by intimidating him into maintaining the lewd acts.

60. Defendant Smith also began to bribe J.G. with money and gifts in order to maintain his silence for the lewd acts.

61. Defendant Smith also began to bribe J.G. by telling him he would teach him how to drive in exchange for maintaining his silence for the lewd acts.

62. Defendant Smith would also offer money and gifts to J.G. so that he could maintain his silence for the lewd acts.

63. In total, Defendant Smith pulled J.G. out of his classes a total of 131 times.

64. Of those 131 times, Defendant Smith pulled J.G. out of his classes in order to seclude him in his office to commit lewd acts upon J.G.'s body over 80 different times.

65. When Defendant Smith would pull J.G. from class, he would enter into the CCSD attendance system and change J.G's attendance to indicate he was present in class, when he was not.

66. Defendants CCSD and Adam Canfield were aware that J.G. was being pulled out of class, missing instruction and that his attendance was being manipulated

**13** of **48**

accordingly.

67. The wrestling coaches, Defendants David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, and Employee Doe, were all aware of the inappropriate behavior of Defendant Smith.



68. During the 2024-2025 school year, the wrestling coaches, Defendants David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, and Employee Doe, and Defendant Assistant Principal Taheesha Johnson received complaints from parents and students regarding the inappropriate behavior of Defendant Smith, including complaints of inappropriate touching of student's bodies.

69. During the 2024-2025 school year, the wrestling coaches, Defendants David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, and Employee Doe, and Defendant Assistant Principal Taheesha Johnson would warn students to stay away from Defendant Smith, but did not report his behavior to administration, Child Protective Services, call the police or preclude Defendant Smith from being around children altogether.

**14** of **48**

SECOND AMENDED COMPLAINT AND JURY DEMAND

70. During the 2024-2025 school year, the wrestling coaches, Defendants David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, and Employee Doe, precluded Defendant Smith from entering the wrestling room with students, alone, based on student complaints, but did not report his behavior to administration, Child Protective Services, call the police or preclude Defendant Smith from being around children altogether.

71. During the 2024-2025 school year, Defendants Adam Canfield and Taheesha Johnson advised Defendant Smith that he was not supposed to be participating in any way with the wrestling team, but did not report his behavior to administration, Child Protective Services, call the police or preclude Defendant Smith from being around children altogether.

72. During the 2024-2025 school year, Defendant Taheesha Johnson directly received complaints of inappropriate behavior and conduct of a sexual nature, made by students against Defendant Smith, but did not report his behavior to administration, Child Protective Services, call the police or preclude Defendant Smith from being around children altogether.

73. Defendant Smith's interactions with J.G. were sexual, romantic, intimate in nature, personal, friendly and overly affectionate, demonstrating an inappropriate relationship between an administrator and a student.

74. J.G. has been injured physically, mentally and emotionally and continues to experience stress, worry, frustration and anxiety as a result of these incidents.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**Plaintiff K.J.**

75. Between January 1, 2025, and January 31,2025, Defendant Smith engaged in a course of conduct with, Plaintiff K.J., a minor, that would and did cause him to feel terrorized, frightened, intimidated or harassed.

76. Plaintiff's K.J. first met Defendant Smith at a wrestling meet.

**15** of **48**

SECOND AMENDED COMPLAINT AND JURY DEMAND

77. Defendant Smith filmed a match of Plaintiff K.J.'s and the two initially exchanged phone numbers so that Defendant Smith could send Plaintiff K.J. the video he filmed for him.

78. At the end of the wrestling meet, Plaintiff K.J. needed a ride home and Defendant Smith offered to take him home.

79. Plaintiff K.J. declined the ride home as he felt uncomfortable.

80. Later that night, Defendant Smith proceeded to call Plaintiff K.J. no less than 6 different times.

81. Plaintiff K.J. next encountered Defendant Smith at another wrestling meet in December of 2024.

82. At the time, Defendant Smith was one of the wrestling coaches at Canyon Springs.

83. Plaintiff K.J. was a member of the wrestling team.

84. In late January 2025, Defendant Smith contacted the teacher for Plaintiff K.J. eighth period, student council class, via phone, in an effort to bring him into his office.

85. When the teacher did not answer the phone, Defendant Smith appeared in the classroom and advised the teacher that Plaintiff K.J. needed to come to his office denying Plaintiff K.J. educational opportunities and benefits and subjecting him to abuse under an educational program or activity that received federal financial assistance.

86. Defendant Smith then led Plaintiff K.J. into his office, where they were alone, and he closed and locked the door.

87. Defendant Smith then advised Plaintiff K.J. that he wanted to practice wrestling moves with him.

88. Defendant Smith then began to show Plaintiff K.J. a wrestling move that Plaintiff K.J. was unfamiliar with, called a "single leg."

89. Defendant Smith then proceeded to grab Plaintiff K.J.'s left leg and place his

**16** of **48**

SECOND AMENDED COMPLAINT AND JURY DEMAND

right hand on his thigh and with his left hand proceed to fondle his genitals over his clothing, making sexual physical contact with Plaintiff's K.J.'s genitals and touching and groping him.

90. Defendant Smith then proceeded to perform the wrestling move four separate times, each time fondling Plaintiff's K.J.'s genitals over his clothing, touching and groping him.

91. During the 2024-2025 school year, the wrestling coaches, Defendants David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, and Employee Doe, warned Plaintiff K.J. to stay away from Defendant Smith, but did not report his behavior to administration, Child Protective Services, call the police or preclude Defendant Smith from being around children altogether.

92. As a result of the actions of Defendants, Plaintiff K.J. has been injured physically, mentally and emotionally and continues to experience stress, worry, frustration and anxiety as a result of these incidents.

**J.R.**

93. During the 2024-2025 school year, Defendant Smith engaged in a course of conduct with, Plaintiff J.R., a minor, that would and did cause him to feel terrorized, frightened, intimidated or harassed.

94. Plaintiff J.R. first met Defendant Smith at Carroll M. Johnston Middle School, when J.R. was a student there and Defendant Smith was an administrator.

95. Plaintiff J.R. then matriculated to Canyon Springs for High School.

96. At the time that Plaintiff J.R. matriculated to Canyon Springs, Defendant Smith was an administrator there.

97. In July of 2024, while he was a student at Canyon Springs, Defendant Smith arranged to come to Plaintiff J.R.'s home, pick him up in his personal vehicle, take him back to Defendant Smith's house, and paid Plaintiff J.R. to do chores in his home while Defendant Smith sat and watched.

98. Later that same year, Defendant Smith began pulling Plaintiff J.R. from class,

**17** of **48**

into his office, with the door closed, leaving the two alone behind closed doors.

99. When Defendant Smith would pull J.R. from class, he would enter into the CCSD attendance system and change J.R's attendance to indicate he was present in class, when he was not.

100. Defendants CCSD and Adam Canfield were aware that J.R. was being pulled out of class, missing instruction and that his attendance was being manipulated accordingly, as they were sending notices of his absences to his parent.

101. Defendant Smith then began giving Plaintiff J.R. money and paying for him to take the bus home every day.

102. Defendant Smith then began buying Plaintiff J.R. gifts.

103. On one occasion, Plaintiff J.R. advised Defendant Smith that he no longer had his personal cellphone.

104. Defendant Smith then went to a store and purchased a cellphone for Plaintiff J.R.

105. Defendant Smith gave the phone to Plaintiff J,R. and told Plaintiff J.R. not to tell his parents about the phone.

106. In November of 2024, Defendant Smith and Plaintiff J.R. were alone at Canyon Springs, when Defendant Smith asked Plaintiff J.R. about his relationship with his girlfriend.

107. Specifically, Defendant Smith asked Plaintiff J.R. whether or not him and his girlfriend were sexually active and whether they were using protection when they were.

108. Defendant Smith then took the backside of his hand and rubbed, grouped, caressed, and touched Plaintiff J.R.'s genitals, then advised him that he should be using protection.

109. Defendant Smith's interactions with J.R. were sexual, romantic, intimate in nature, personal, friendly and overly affectionate, demonstrating an inappropriate relationship between an administrator and a student.

**18** of **48**

110. Defendant Smith secluded Plaintiff J.R. in his office to commit lewd acts.

111. J.G. has been injured physically, mentally and emotionally and continues to experience stress, worry, frustration and anxiety as a result of these incidents.

112. As a result of the actions of Defendants, Plaintiff J.R. has been injured physically, mentally and emotionally and continues to experience stress, worry, frustration and anxiety as a result of these incidents.

## FIRST CAUSE OF ACTION
### (Violation of 20 U.S.C. Sec. 1681 et. seq. against Clark County School District)

113. Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

114. Upon information and belief, at the time of the events giving rise to this lawsuit, the CCSD and Canyon Springs High School were recipients of Title IX funding.

115. Defendants violated Title IX of the Educational Amendments of 1972, which denied Plaintiffs the benefit of, and subjected them to discrimination, harassment and abuse under an educational program or activity that received federal financial assistance.

116. Plaintiffs were deprived of educational opportunities when they were removed from class to be subjected to abuse.

117. Plaintiffs had and have a right to a safe and respectful learning environment that is free from discrimination and physical, emotional, or mental abuse and harassment.

118. In committing the acts alleged above, Defendants, and each of them, violated Title IX of the Educational Amendments of 1972, which denied Plaintiffs and those similarly situated the benefits of and subjected them to discrimination, harassment, and abuse under an educational program or activity that received federal financial assistance.

SECOND AMENDED COMPLAINT AND JURY DEMAND

119. Defendants' conduct constituted deliberate indifference to actual knowledge of a substantial risk of abuse and harassment to Plaintiffs and those similarly situated. Such abuse and harassment were pervasive, severe, and objectively offensive and created a hostile climate based on sex. For example, Defendants knew of the history of endemic abuse of students in CCSD and the Task Force's findings and recommendations regarding implementation of adequate training, supervision, and controls among other things, yet knowingly and intentionally failed to develop and implement such programs.

120. The wrestling coaches, Defendants David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, and Employee Doe, also knew that Defendant Smith had previously inappropriately touched at least one other minor student and Defendants, despite having actual knowledge of said events, did nothing to report Defendant Smith.

121. Defendant CCSD also knew that Defendant Smith had previously been inappropriate with at least one other minor student and Defendants, despite having actual knowledge of said events, did nothing to retrain, discipline, or adequately supervise or monitor Defendant Smith, but rather concealed his misconduct and continued to place him in a position of trust and authority so as to ensure and ratify his further abuse of students, including Plaintiffs.

122. The aforementioned acts of Defendants were conducted in a reckless, wanton, willful, malicious, and oppressive manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated such that each of the Defendants should be assessed punitive or exemplary damages.

123. As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court. In addition, Plaintiffs were

SECOND AMENDED COMPLAINT AND JURY DEMAND

required to incur expenses for medical care, treatment and expenses incidental thereto, all to his damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

124.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

**(Violation of Civil Rights – 42 U.S.C. § 1983 against Clark County School District)**

125.    Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

126.    Plaintiffs' constitutional rights were violated by CCSD and its state actors when they deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws.

127.    Plaintiffs had and have a constitutional right to bodily integrity and freedom from unjustified physical intrusions under the due process clause of the Fourteenth Amendment to the United States Constitution.

128.    A special relationship existed between each of the Defendants and Plaintiffs, which arose from the mandatory character of school attendance and the comprehensive control over students exercised by school personnel. Accordingly, Defendants had a duty to exercise reasonable care to supervise and protect students, such as Plaintiffs, from harm, while under the Defendants' custody, care, and control.

129.    Defendant Smith violated Plaintiffs' rights under the Fourteenth

Amendment of the United States Constitution when he isolated and sexually abused them at school.

130. Defendants CCSD, Adam Canfield, David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, Employee Doe, violated Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution when they implemented policies, customs, and practices, that were not adequate to prevent CCSD employees from sexually abusing students such as Plaintiffs', the risk of which was known to CCSD. Such policies, customs, and practices included, but are not limited to, implementing policies and practices that resulted in Defendant Smith being permitted to manipulate Plaintiffs' attendance, allowing him to remove Plaintiffs from class at will to assault and groom their, providing inadequate training to its staff concerning detecting and responding to grooming behaviors, and failing to respond to complaints and concerns surrounding Defendant Smith's conduct. These policies, customs, and practices amounted to a deliberate indifference to Plaintiffs' constitutional rights.

131. The risk of sexual abuse that Defendant Smith posed to students like Plaintiffs were known to Defendants CCSD, Adam Canfield, David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, Employee Doe. For example, Defendants CCSD, Adam Canfield, David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, Employee Doe, knew or should have known that Defendant Smith engaged in inappropriate grooming behaviors with children, that parents, guardians and other students repeatedly complained about the inappropriate behavior of Defendant Smith.

132. Defendants CCSD, Adam Canfield, David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, Employee Doe, disregarded the known or obvious risk of sexual abuse that Defendant Smith posed to Plaintiffs and other children by, for example, failing to respond to warning signs that Defendant Smith was engaging in grooming behaviors with young children, failing to follow up on complaints

SECOND AMENDED COMPLAINT AND JURY DEMAND

concerning Defendant Smith's inappropriate behavior.

133. Defendants acted under color of state law in committing the acts complained of herein.

134. The policies, customs, and practices implemented by Defendants CCSD, Adam Canfield, David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, Employee Doe, were the moving force behind the deprivation of Plaintiffs' constitutional rights.

135. Defendants' conduct constituted deliberate indifference to actual knowledge of a substantial risk of abuse and harassment to Plaintiffs and those similarly situated. Such abuse and harassment were pervasive, severe, and objectively offensive and created a hostile climate based on sex. For example, Defendants knew of the history of endemic abuse of students in CCSD and the Task Force's findings and recommendations regarding implementation of adequate training, supervision, and controls among other things, yet knowingly and intentionally failed to develop and implement such programs.

136. The wrestling coaches, Defendants David Kennedy, LJ Lord Oroke, Allen Frischmann, Doe Coach Alex, and Employee Doe, also knew that Defendant Smith had previously inappropriately touched at least one other minor student and Defendants, despite having actual knowledge of said events, did nothing to report Defendant Smith.

137. Defendant CCSD also knew that Defendant Smith had previously been inappropriate with at least one other minor student and Defendants, despite having actual knowledge of said events, did nothing to retrain, discipline, or adequately supervise or monitor Defendant Smith, but rather concealed his misconduct and continued to place him in a position of trust and authority so as to ensure and ratify his further abuse of students, including Plaintiffs.

138. Defendants violated Plaintiffs' constitutional rights when they implemented policies, customs, practices, and training programs, that were not

SECOND AMENDED COMPLAINT AND JURY DEMAND

adequate to prevent teachers from abusing students such as Plaintiffs, the risk of which was known to Defendants. On information and belief, Defendants had multiple "written" policies, regulations, rules, and practices which contributed to the occurrence of the incidents giving rise to the constitutional violations in this case. Defendants knowingly failed to provide adequate training to their employees and members concerning, among other things, screening and hiring, supervision and evaluation of teachers, confirmation bias, detecting and responding to grooming behaviors, mandatory reporting requirements, investigating reported abuse, and failing to respond to complaints and concerns. The constitutional violations inflicted upon Plaintiffs was an obvious risk of the deficient training, policies, and procedures implemented by Defendants. Defendants' acts and omissions constitute deliberate indifference to Plaintiffs' constitutional rights.

139.   Defendants also violated Plaintiffs' constitutional rights by being deliberately indifferent to the endemic abuse of students in CCSD and Defendant Smith's demonstrated propensity to abuse students as detailed above.

140.   Defendants' policies, customs, and practices created the opportunity for Defendant Smith to abuse Plaintiffs and were the moving force behind Plaintiffs' injuries.

141.   The aforementioned acts of Defendants were conducted in a reckless, wanton, willful, malicious, and oppressive manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated such that each of the Defendants should be assessed punitive or exemplary damages.

142.   As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental

SECOND AMENDED COMPLAINT AND JURY DEMAND

thereto, all to his damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

143.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

**THIRD CAUSE OF ACTION**

**(Sexual Assault against Defendant Smith)**

144.     Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

145.    That in committing the acts alleged above, Defendant Smith acted with intent to commit sexual assault on Plaintiffs' persons.

146.    That Defendant Smith knew, or should have known that Plaintiffs were mentally or physically incapable of resisting or understanding the nature of Defendant Smith's conduct.

147.    That Defendant Smith intended to engage in inappropriate sexual conduct with Plaintiffs including showing unusual interest in the private life of Plaintiffs, by making lewd comments about Plaintiffs' appearance, inappropriately touching Plaintiffs and engaging in inappropriate conversations and behavior in an effort to gauge Plaintiffs' vulnerability or willingness to engage in appropriate behavior.

148.    That as a result of the foregoing wrongful conduct, Plaintiffs have suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow and depression.

**25** of **48**

SECOND AMENDED COMPLAINT AND JURY DEMAND

149. That the acts of Defendant Smith were willful, wanton, malicious, oppressive and Defendants should be assessed punitive or exemplary damages.

150. As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court. In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto, all to his damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

151. It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

**FOURTH CAUSE OF ACTION**

**(Assault Against Defendants Smith and CCSD)**

152. Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

153. In committing the acts alleged herein, Defendant Smith caused Plaintiffs to feel apprehension of imminent harmful or offensive contact, which constituted assault.

154. As a result of the foregoing wrongful conduct, Plaintiffs have suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression.

SECOND AMENDED COMPLAINT AND JURY DEMAND

155. The acts of Defendants relative to Defendant Smith's assault of Plaintiffs were willful, wanton, malicious, and oppressive, and Defendants should be assessed punitive or exemplary damages.

156. As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto, all to his  damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

157. It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

**FIFTH CAUSE OF ACTION**

**(Battery Against Defendants Smith and CCSD)**

158. Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

159. By unnecessarily, and without any legitimate educational purpose, Defendants made intentional, unlawful and harmful contact with Plaintiffs' bodies, which constitutes a battery.

160. As a result of the foregoing wrongful conduct, Plaintiffs have suffered damages, great physical and mental harm, mental anxiety, embarrassment,

SECOND AMENDED COMPLAINT AND JURY DEMAND

humiliation, grief, sorrow, and depression.

161.    The acts of Defendants relative to Defendant Smith's assault of Plaintiffs were willful, wanton, malicious, and oppressive, and Defendants should be assessed punitive or exemplary damages.

162.    As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto, all to his  damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

163.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

## SIXTH CAUSE OF ACTION

### (Negligence Against All Defendants)

164.     Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

165.    That at all times herein mentioned, Defendants knew, or in the exercise of reasonable care, should have known that Defendant Smith's sexual conduct/relations with his students were egregious, constituting a danger and a hazard to Plaintiffs, but Defendants carelessly and negligently failed to take

reasonable precautions to prevent the above-described assault, battery and sexual assault upon Plaintiffs, in derogation of their duty to protect children.

166. Based on Defendant Smith's history, the history of inappropriate conduct within CCSD, and considering the nature and scope of his employment, it was reasonably foreseeable to CCSD and/or Doe Defendants I-XX, under the facts and circumstances of this case, that Smith would sexually abuse, harass and/or molest Plaintiffs.

167. That Defendants negligently and or carelessly operated, managed, and controlled CCSD's schools, including but not limited to, Canyon Springs, resulting in Defendant Smith's access to Plaintiffs, enabling him to attack, sexually assault, and batter Plaintiffs, thereby proximately causing injuries and damages to Plaintiffs, as alleged hereinabove.

168. That Defendants had a duty to and breached their duty to implement policies and procedures to protect students from foreseeable risks, including educator sexual misconduct.

169. That Defendants had a duty to and breached their duty to train employees and volunteers to prevent educator sexual misconduct.

170. That Defendants had a duty to and breached their duty to supervise employees and volunteers to prevent educator sexual misconduct.

171. That Defendants had a duty to and breached their duty to supervise and protect students.

172. That Defendants had a duty to and breached their duty to warm against and protect students from warning signs, "red flags," or other notice of a risk.

173. That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

174. As a direct and proximate cause of the negligence, carelessness, and/or

recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto, all to his  damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

175.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

## SEVENTH CAUSE OF ACTION

### (Negligent Hiring, Against Clark County School District, and Doe Defendants)

176.    Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

177.    That CCSD and/or Doe Defendants I-XX were responsible for the hiring, and control of employee(s), including Defendant Smith and other Doe Defendants I-XX, and as a direct and proximate result of aforementioned Defendants' negligence in hiring, and controlling employee(s), including Defendant Smith and Doe Defendants I-XX, Plaintiffs suffered injuries and damages as herein alleged.

178.    Based on Defendant Smith's history, and considering the nature and scope of his employment, it was reasonably foreseeable to CCSD and/or Doe Defendants I-XX under the facts and circumstances of this case, that Smith would sexually abuse, harass and/or molest Plaintiffs.

**30** of **48**

SECOND AMENDED COMPLAINT AND JURY DEMAND

179.    That CCSD and/or Doe Defendants I-XX have failed to adopt and administer adequate procedures to protect students from sexual abuse.

180.    All Defendants failed to adequately evaluate, investigate and remedy factual indications and reports, which suggested Defendant Smith would abuse Plaintiffs.

181.    That CCSD and/or Doe Defendants I-XX had a duty to implement and maintain procedures to sufficiently screen teachers prior to the date of hire, and to regularly evaluate them after the original date of hire and failed to do so.

182.    That CCSD and/or Doe Defendants I-XX had a duty to hire employees by implementing and enforcing adequate background checks and maintain employee records, including but not limited to all reports, and complaints made towards employees instead of scrubbing employee files of suspected wrongdoing.

183.    That as a result of the foregoing wrongful conduct, Plaintiffs have suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression.

184.    That as a direct and proximate result of the actions of CCSD and/or Doe Defendants I-X and their failure to exercise reasonable care in the hiring, training, retention and supervision of employee(s), Plaintiffs suffered the damages and injuries as alleged herein.

185.    That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

186.    As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental

thereto, all to his damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

187.   It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

**EIGTH CLAIM FOR RELIEF**

**(Negligent Training Against Clark County School District, and Doe Defendants)**

188.    Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

189.   That CCSD and/or Doe Defendants I-XX were responsible for the training, and control of employee(s), including Defendant Smith and other Doe Defendants I-XX, and as a direct and proximate result of aforementioned Defendants' negligence in hiring, training, supervising, and controlling employee(s), including Defendant Smith and Doe Defendants I-XX, Plaintiffs suffered injuries and damages as herein alleged.

190.   Based on Defendant Smith's history, and considering the nature and scope of his employment, it was reasonably foreseeable to CCSD and/or Doe Defendants I-XX under the facts and circumstances of this case, that Smith would sexually abuse, harass and/or molest Plaintiffs.

191.   That CCSD and/or Doe Defendants I-XX have failed to adopt and administer adequate procedures to protect students from sexual abuse.

192.   All Defendants failed to adequately evaluate, investigate and remedy factual indications and reports, which suggested Defendant Smith would abuse

Plaintiffs.

193.     That CCSD and/or Doe Defendants I-XX failed to adequately train District personnel, including but limited to Doe Defendants I-XX, in recognizing and evaluating potential or actual child harassers and abusers.

194.     That CCSD and/or Doe Defendants I-XX failed to train their employees in recognition of the signs of grooming behavior and against confirmation bias, or in the proper monitoring and supervising of students and teachers, or in proper reporting or intervention, and as a result, failed to report and stop Defendant Smith's behavior directed at Plaintiffs.

195.     The failure of Defendants' employees and members to recognize the signs and signals of grooming are rooted in Defendants' failures to provide adequate training on the topics of confirmation bias, when and how to recognize grooming, and proper monitoring and supervision of students and teachers.

196.     That CCSD and/or Doe Defendants I-XX had a duty to act promptly and diligently and not ignore, minimize, or underreport problems and failed to do so.

197.     That as a result of the foregoing wrongful conduct, Plaintiffs have suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression.

198.     That as a direct and proximate result of the actions of CCSD and/or Doe Defendants I-X and their failure to exercise reasonable care in the hiring, training, retention and supervision of employee(s), Plaintiffs suffered the damages and injuries as alleged herein.

199.     That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

200.     As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their

general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto, all to his  damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

201.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

**NINTH CLAIM FOR RELIEF**

**(Negligent Retention Against Clark County School District, and Doe Defendants)**

202.     Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

203.    That CCSD and/or Doe Defendants I-XX were responsible for the retaining, and control of employee(s), including Defendant Smith and other Doe Defendants I-XX, and as a direct and proximate result of aforementioned Defendants' negligence in hiring, training, supervising, and controlling employee(s), including Defendant Smith and Doe Defendants I-XX, Plaintiffs suffered injuries and damages as herein alleged.

204.    Based on Defendant Smith's history, and considering the nature and scope of his employment, it was reasonably foreseeable to CCSD and/or Doe Defendants I-XX under the facts and circumstances of this case, that Smith would sexually abuse, harass and/or molest Plaintiffs.

SECOND AMENDED COMPLAINT AND JURY DEMAND

205. That CCSD and/or Doe Defendants I-XX have failed to adopt and administer adequate procedures to protect students from sexual abuse.

206. All Defendants failed to adequately evaluate, investigate and remedy factual indications and reports, which suggested Defendant Smith would abuse Plaintiffs.

207. That CCSD and/or Doe Defendants I-XX failed to use reasonable care to protect students from sexual abuse by District personnel, by retaining Defendant Smith as an employee and/or by allowing him to come into contact with students.

208. That CCSD and/or Doe Defendants I-XX had a duty to hold teachers to strict account for their conduct, interactions, and relationships with students and failed to do so.

209. That CCSD and/or Doe Defendants I-XX had a duty to retain employees by implementing and enforcing adequate background checks and maintain employee records, including but not limited to all reports, and complaints made towards employees instead of scrubbing employee files of suspected wrongdoing.

210. That as a result of the foregoing wrongful conduct, Plaintiffs suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression.

211. That as a direct and proximate result of the actions of CCSD and/or Doe Defendants I-X and their failure to exercise reasonable care in the hiring, training, retention and supervision of employee(s), Plaintiffs suffered the damages and injuries as alleged herein.

212. That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

213. As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their

SECOND AMENDED COMPLAINT AND JURY DEMAND

general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto, all to his  damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

214.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

**TENTH CLAIM FOR RELIEF**

**(Negligent Supervision Against Clark County School District, and Doe Defendants)**

215.    Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

216.    That CCSD and/or Doe Defendants I-XX were responsible for the supervision and control of employee(s), including Defendant Smith and other Doe Defendants I-XX, and as a direct and proximate result of aforementioned Defendants' negligence in supervising, and controlling employee(s), including Defendant Smith and Doe Defendants I-XX, Plaintiffs suffered injuries and damages as herein alleged.

217.    Based on Defendant Smith's history, and considering the nature and scope of his employment, it was reasonably foreseeable to CCSD and/or Doe Defendants I-XX under the facts and circumstances of this case, that Smith would sexually abuse, harass and/or molest Plaintiffs.

218.    That CCSD and/or Doe Defendants I-XX have failed to adopt and

SECOND AMENDED COMPLAINT AND JURY DEMAND

administer adequate procedures to protect students from sexual abuse.

219.    All Defendants failed to adequately evaluate, investigate and remedy factual indications and reports, which suggested Defendant Smith would abuse Plaintiffs.

220.    That CCSD and/or Doe Defendants I-XX had a duty to monitor, evaluate, adjust, update, improve, and create effective training programs provided to employees, members, and students regarding confirmation bias, grooming, abuse, and other inappropriate behaviors adverse to the health, safety, and rights of students and failed to do so.

221.    That CCSD and/or Doe Defendants I-XX had a duty to hold teachers to strict account for their conduct, interactions, and relationships with students and failed to do so.

222.    That CCSD and/or Doe Defendants I-XX had a duty to properly monitor students, prevent or correct harmful situations, and report and call for help when a situation is beyond their control and failed to do so.

223.    That CCSD and/or Doe Defendants I-XX had a duty to act promptly and diligently and not ignore, minimize, or underreport problems and failed to do so.

224.    That CCSD and/or Doe Defendants I-XX had a duty to supervise teachers and students and enforce rules and regulations prescribed for schools, exercise reasonable control over students, as is reasonably necessary to maintain order and protect the health and safety of students, and to maintain proper and appropriate conditions conducive to learning, development, and advancement of students and failed to do so.

225.    That CCSD and/or Doe Defendants I-XX had a duty to supervise employees by implementing and enforcing adequate background checks and maintain employee records, including but not limited to all reports, and complaints made towards employees instead of scrubbing employee files of suspected wrongdoing.

SECOND AMENDED COMPLAINT AND JURY DEMAND

226.    That as a result of the foregoing wrongful conduct, Plaintiffs suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression.

227.    That as a direct and proximate result of the actions of CCSD and/or Doe Defendants I-X and their failure to exercise reasonable care in the hiring, training, retention and supervision of employee(s), Plaintiffs suffered the damages and injuries as alleged herein.

228.    That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

229.    As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto, all to his  damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

230.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

**ELEVENTH CLAIM FOR RELIEF**

**(Duty to Warn Against Defendants Smith, the Clark County School District,**

SECOND AMENDED COMPLAINT AND JURY DEMAND

**Adam Canfield, David Kennedy, LJ Lord Oroke, Allen Frischmann, Taheesha Johnson, Doe Coach Alex, Employee Doe and Doe Defendants)**

231.  Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

232.  That Defendants and each of them, had a duty to exercise care in keeping the premises and approaches safe, and had a duty to warn of past and present risks on or upon the premises, reasonably likely to inflict harm on Plaintiffs.

233.  That Defendants breached their duty to Plaintiffs by failing to warn of prior actions of Defendant Smith.

234.  That Defendants' failure to warn Plaintiffs of the risk of attending Canyon Springs and each of their breaches of duty to warn, directly and proximately caused injury to Plaintiffs.

235.  That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

236.  As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto, all to his  damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

237.  It has been necessary for Plaintiffs to retain the services of counsel to

SECOND AMENDED COMPLAINT AND JURY DEMAND

represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

## TWELTH CAUSE OF ACTION

### (Action By Victim of Sexual Abuse, NRS § 41.13965, as against Defendants CCSD)

238. Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

239. Defendant Smith knowingly and willingly groomed, battered, and sexually abused Plaintiffs on CCSD school property during school hours and after school program hours.

240. Defendants knew or should have known that there is a history of endemic sexual abuse by their employees and members against students, and knew or should have known of the obvious signs alleged hereinabove that Defendant Smith was grooming, battering, and sexually abusing Plaintiffs.

241. Defendants nevertheless knowingly failed to provide adequate training to their employees and members concerning, among other things, screening and hiring, supervision and evaluation of teachers, confirmation bias, detecting and responding to grooming behaviors, mandatory reporting requirements, investigating reported abuse, and failing to respond to complaints and concerns.

242. During the period of abuse of Plaintiffs at the hands of Defendant Smith, Defendants had the authority and ability to obstruct or stop Defendant Smith's grooming, abuse, assaults, and batteries on Plaintiffs, but failed to do so, thereby allowing the abuse to occur and to continue unabated. This failure was a part of Defendants' plan and arrangement to conceal wrongful acts, to avoid and inhibit detection, to block public disclosure, to avoid scandal, to avoid the disclosure of their tolerance of child sexual molestation and abuse, to preserve a false appearance of propriety, and to avoid investigation and action by public authority including law

enforcement. Such actions were motivated by a desire to protect the reputation of Defendants, and to financially benefit by protecting the monetary support and income of Defendants, avoiding disclosure of violations that may result in loss of Title IX funding (especially considering that the Department of Education has already cited CCSD for Title IX violations), saving investigative costs, and limiting expensive adversarial disputes, all while fostering an environment where such abuse could continue to occur.

243.    As a result of the foregoing wrongful conduct, Plaintiffs suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, depression, and developmental impairments.

244.    Pursuant to NRS § 41.13965(3), Plaintiffs are entitled to treble damages.

245.    As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto, all to his  damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

246.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

SECOND AMENDED COMPLAINT AND JURY DEMAND

**THIRTEETH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress Against Defendant Smith, Clark County School District and Doe Defendants)**

247.    Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

248.    The acts of, and/or failures to act by, all Defendants, as described herein, were outrageous, and intended to, or were in conscious disregard of the likelihood that the acts would, traumatize Plaintiffs. The grooming, sexual abuse, molestation, and batter of Plaintiffs, and the resulting physical and mental pain and suffering, humiliation and embarrassment caused them extreme emotional distress.

249.    As a direct and proximate result of the actions of the Defendants, and each of them, as alleged herein, Plaintiffs suffered extreme mental and emotional harm, mental anxiety, humiliation, grief, and sorrow.

250.    The actions of the Defendants as described herein were conducted in a reckless, willful, wanton, malicious, and oppressive manner, such that each of the Defendants should be assessed punitive and/or exemplary damages.

251.    As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto, all to his  damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

SECOND AMENDED COMPLAINT AND JURY DEMAND

252.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

**FOURTEENTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress Against Defendant Smith, Adam Canfield, David Kennedy, LJ Lord Oroke, Allen Frischmann, Taheesha Johnson. Doe Coach Alex, Employee Doe Clark County School District and Doe Defendants)**

253.    Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

254.    Based on Defendant Smith's known history, including, the obvious signs of grooming he displayed, and considering the nature and scope of Plaintiffs position as a student, it was reasonably foreseeable to Defendants that he would sexually abuse, harass, and/or batter Plaintiffs.

255.    The actions of Defendants, as described herein, caused Plaintiffs to be sexually abused and battered by Defendant Smith.

256.    As a result of the Defendants' conduct, Plaintiffs suffered extreme mental and emotional harm, mental anxiety, humiliation, grief, and sorrow.

257.    The actions of the Defendants as described herein were conducted in a reckless, willful, wanton, malicious, and oppressive manner, such that each of the Defendants should be assessed punitive and/or exemplary damages.

258.    As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental

thereto, all to his damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

259.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

### FIFTEENTH CLAIM FOR RELIEF

### (Gross Negligence Against All Defendants)

260.    Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

261.    Defendants, and each of them, owed a duty of care to Plaintiffs and Defendants knew, or in the exercise of reasonable care, should have known that Defendant Smith's sexual conduct/relations with his students were egregious, constituting a danger and a hazard to Plaintiffs, but Defendants carelessly and negligently failed to take reasonable precautions to prevent the above-described assault, battery and sexual assault upon Plaintiffs, in derogation of their duty to protect children.

262.    Defendants failed to exercise even a slight degree of diligence or care when they breached their duty of care owed to Plaintiffs due to their failure to exercise reasonable care and take reasonable precautions to prevent the above-described assault, battery and sexual assault upon Plaintiffs, in derogation of their duty to protect children, failure to implement policies and procedures to protect students from foreseeable risks, including educator sexual misconduct failure to train employees and volunteers to prevent educator sexual misconduct, failure to

SECOND AMENDED COMPLAINT AND JURY DEMAND

supervise employees and volunteers to prevent educator sexual misconduct, failure to supervise and protect students and failure to warn against and protect students from warning signs, "red flags," or provide other notice of a risk.

263.   Defendants' indifference to their duty of care, and their heedless and palpable violation of their duty to Plaintiffs, was of such magnitude that it constitutes gross negligence.

264.   Defendants' actions and inactions, while perhaps not intended to cause harm to Plaintiffs, were so unreasonable and dangerous that Defendants knew, or should have known, that that it was highly probable that harm to Plaintiffs would result.

265.   As a result of the Defendants' conduct, Plaintiffs suffered extreme mental and emotional harm, mental anxiety, humiliation, grief, and sorrow.

266.   The actions of the Defendants as described herein were conducted in a reckless, willful, wanton, malicious, and oppressive manner, such that each of the Defendants should be assessed punitive and/or exemplary damages.

267.   As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, and each of them, Plaintiffs sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to their general and compensatory damage in an amount in excess of the minimum jurisdictional amount required for access to this court.  In addition, Plaintiffs were required to incur expenses for medical care, treatment and expenses incidental thereto, all to his  damage in a present amount yet unknown at this time, and maybe required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

268.   It has been necessary for Plaintiffs to retain the services of counsel to

represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

## SIXTEENTH CLAIM FOR RELIEF

### (Vicarious Liability against the Clark County School District)

269.     Plaintiffs repeat and reallege each and every allegation set forth above as through each were set forth herein.

270.     That employers, masters and principals are vicariously liable for the torts committed by their employees, servants and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

271.     That the Defendants were the employers, masters and principals of each other, the remaining Defendants, and other employees, agents, independent contractors and/or representatives who negligently failed to maintain a safe and hazard-free school for children, including Plaintiffs.

272.     Based on Defendant Smith's history, and considering the nature and scope of his employment, it was reasonably foreseeable to CCSD and/or Doe Defendants I-XX, under the facts and circumstances of this case, that Smith would sexually abuse, harass and/or molest Plaintiffs.

273.     That as a direct and proximate result, Plaintiffs have been damaged, as stated hereinabove, all to Plaintiffs' general damages.

274.     That as a further direct and proximate result of Defendants' negligence, recklessness, deliberate indifference, and failure to use due care, Plaintiffs suffered intense physical, mental, and emotional pain, shock, humiliation, and embarrassment, all to his damage.

275.     That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights.

276.     The acts of Defendants and each of them should be assessed punitive or exemplary damages.

**46** of **48**

SECOND AMENDED COMPLAINT AND JURY DEMAND

277.    It has been necessary for Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs of suit incurred herein.

278.    As a direct result of Defendants' wrongful conduct, Plaintiffs have suffered damages in excess of the jurisdictional minimum.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment as against Defendants, and each of them, as follows:

1.    Compensatory damages in excess of the minimum jurisdictional amount required for access to this court;

2.    Punitive damages;

3.    Interest from the time of service of this complaint as allowed by NRS 17.130;

4.    Costs of suit and attorney fees; and

5.    For such other and further relief as the court may deem appropriate.

**JURY DEMAND**

Plaintiffs by and through their undersigned counsel at H&P Law, and hereby demands a jury trial of all of the issues in the above matters.

DATED this ___day of April 2026.          H & P LAW

Marjorie Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Bre'Ahn Brooks, Esq.
Nevada Bar No.: 15672
Attorneys for Plaintiff

SECOND AMENDED COMPLAINT AND JURY DEMAND

**Certificate of Service**

I hereby certify that on the 22nd day of April 2026, service of the foregoing **SECOND AMENDED COMPLAINT AND JURY DEMAND** was made to the following individuals:

   X    Electronic service through the CM/ECF system

_____ U.S. Mail

_____ Facsimile

_____ Hand delivery

Mark E. Ferrario, Esq.
Kara B. Hendricks, Esq.
Alix R. Goldstein, Esq.
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
F: (702) 792-9002
E: ferrariom@gtlaw.com
E: hendricksk@gtlaw.com
E: alix.goldstein@gtlaw.com
*Counsel for Clark County School District,*
*Adam Canfield, David Kennedy, LJ Lord*
*Oroke, and Allen Frischmann*

_____
An Employee of H&P LAW

**48** of **48**